IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

OLIVER JARRELL,

       Petitioner,

v.

                               Case No. 2:13-cv-15850

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

       Respondent.


## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2), which was filed on June 26, 2013, and the respondent's Motion to Dismiss Petition as Untimely Filed (ECF No. 9).  This matter is assigned to the Honorable John T. Copenhaver, Jr., and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On September 25, 2013, the respondent was ordered to file an answer or other pleading solely on the issue of timeliness of the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, and the exhaustion of state court remedies, on or before November 25, 2013.  (ECF No. 7).

On November 19, 2013, the respondent filed his Response to the Petition for Writ of Habeas Corpus (ECF No. 8), stating his position that the petitioner's section 2254

petition was untimely filed and, thus, a discussion concerning exhaustion of state court remedies was unnecessary.  The respondent also filed a Motion to Dismiss Petition as Untimely Filed (ECF No. 9) and a Memorandum of Law in support thereof (ECF No. 10).

The undersigned's September 25, 2013 Order set a deadline for the petitioner to file a reply to the respondent's Answer by January 9, 2014.  (ECF No. 7 at 1).  As of today's date, the petitioner has not filed any responsive document.  Nevertheless, in accordance with the Fourth Circuit's decision in *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), the petitioner is hereby **NOTIFIED** that his section 2254 petition will be dismissed as untimely, unless the petitioner can demonstrate that his petition was filed within the proper time period.

## ANALYSIS

### A.      The one-year statute of limitations under section 2244(d)(1).

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  Because the petitioner was convicted after the enactment of these provisions, his petition is subject to these requirements.

**B.    The petitioner's petition is untimely under section 2244(d).**

The respondent's Motion and Memorandum of Law assert that the petitioner's section 2254 petition was untimely filed under 28 U.S.C. § 2244(d)(1).  The respondent's assertion that the petition is untimely is based upon the following procedural history, as detailed in the respondent's motion documents:

On November 16, 1999, the petitioner was convicted by a jury in the Circuit Court of Jackson County of one count of first degree murder and one count of conspiracy to commit murder.  (ECF No. 10 at 2).  On December 16, 1999, the petitioner was sentenced to life in prison, without the possibility of parole, on the first degree murder count, and a consecutive sentence of one to five years in prison on the conspiracy count. (ECF No. 9, Ex. 1 at 9; ECF No. 10 at 2).

On July 12, 2000, the petitioner, by counsel, filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV").  The Petition for Appeal was

refused on January 9, 2001.  (ECF No. 9, Ex. 1).

The petitioner filed his first Petition for a Writ of Habeas Corpus in the Circuit Court of Jackson County on or about September 12, 2002.  (ECF No. 9, Ex. 2).  That petition was denied by final order entered May 6, 2004.  (*Id.*)  On October 20, 2004, the petitioner, by counsel, filed a Petition for Appeal concerning the denial of his first circuit court habeas petition.  The Petition for Appeal was refused on November 30, 2004.  (ECF No. 9, Ex. 3).

The petitioner filed a second Petition for a Writ of Habeas Corpus in the Circuit Court of Jackson County on October 27, 2007.  Although an Order denying the habeas petition was entered by the Honorable Thomas C. Evans III on January 20, 2011, the judgment was re-entered by order dated April 26, 2012 to allow the petitioner a new appeal period.  (ECF No. 9, Ex. 4).

The petitioner's Petition for Appeal concerning the denial of his second habeas petition was denied, and the decision of the circuit court was affirmed by Memorandum Decision on April 16, 2013.  (ECF No. 9, Ex. 5).  The petitioner then filed the instant section 2254 petition on June 26, 2013.  (ECF No. 2).

The respondent asserts that the one-year statute of limitations concerning the petitioner's section 2254 petition began to run on April 10, 2001, and that, absent a tolling event, the last day on which the petitioner could have filed a timely federal habeas corpus petition under 28 U.S.C. § 2244(d)(1) was April 10, 2002.  (ECF No. 10 at 5 and n.1).  The undersigned agrees.

The petitioner did not file a Petition for a Writ of Certiorari in the United States Supreme Court.  Thus, the petitioner's judgment became final on or about April 9, 2001,

after the expiration of the 90-day period in which he could have filed a Petition for a Writ of Certiorari. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) (The time for seeking direct review of a state court conviction concludes either when the 90-day period for filing a petition for a writ of certiorari in the United States Supreme Court expires or when such petition is denied by the United States Supreme Court).

The petitioner's first habeas corpus petition was not filed in the Circuit Court of Jackson County until September 12, 2002. Thus, the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) had already expired at the time the first circuit court petition was filed, and neither of the petitioner's state court habeas corpus proceedings acted to toll the statute of limitations. Therefore, the petitioner's section 2254 petition, which was filed on June 26, 2013 (more than 10 years after the expiration of the statute of limitations), is clearly untimely under 28 U.S.C. § 2244(d)(1)(A). Furthermore, none of the conditions set forth in the other subsections of section 2244(d)(1) appear to be applicable in this case.[1]

### C.    Equitable tolling of the statute of limitations is not warranted.

In *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), the Supreme Court held that the statute of limitations in section 2244(d) is subject to equitable tolling in appropriate cases. The *Holland* Court stated that a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id. (quoting Price v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Harris v. Hutchinson*, 209

---

[1]  The respondent's Memorandum of Law makes an alternative argument asserting that, even if the statute of limitations were somehow tolled by the filing of the petitioner's first state habeas petition, the petitioner's section 2254 petition is still untimely.  (ECF No. 10 at 6-7). The undersigned finds this alternative analysis to be unnecessary.

F.3d 325, 329-330 (4th Cir. 2000).  The Supreme Court has further held that "a garden variety claim of excusable neglect" by an attorney is insufficient to rise to the level of extraordinary circumstances necessary to justify equitable tolling.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330; *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008).  The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time.  *Id.*

The petitioner has not requested equitable tolling, and there does not appear to be any basis for equitably tolling the statute of limitations in this case.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition is untimely under 28 U.S.C. § 2244(d)(1).  The undersigned further proposes that the presiding District Judge **FIND** that the petitioner has not demonstrated extraordinary circumstances that would warrant equitable tolling of the statute of limitations.

6

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion to Dismiss the Petition as Untimely Filed (ECF No. 9) and **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 2) with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

As noted above, pursuant to the holding in *Hill v.* Braxton, 277 F.3d 701 (4th Cir. 2002), this Proposed Findings and Recommendation shall serve as a **NOTICE to the petitioner that the court intends to dismiss his petition as untimely, unless the petitioner can demonstrate during this objection period that the section 2254 petition was actually timely filed, or that there is a basis for the application of the equitable tolling doctrine**.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474

7

U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

 March 11, 2014

Dwane L. Tinsley
United States Magistrate Judge

8